UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

UNITED STATES OF AMERICA

v. 5:06-cr-11-Oc-10GRJ

MARK D. EMMONS
_______________________________/

**REPORT AND RECOMMENDATION**[1]

Pursuant to the Court's Order of Reference (Doc. 29) Annette R. Emmons' Petition to Keep Property at 34050 Lee Avenue, Leesburg, Florida 34788 (Doc. 27) was referred to the undersigned. The United States file a Response to the Petition (Doc. 30), and pursuant to prior notice, the Court conducted a hearing on September 12, 2006. Therefore, this matter is ripe for decision. As discussed below, it is recommended that Annette R. Emmons' Petition to Keep Property at 34050 Lee Avenue, Leesburg, Florida 34788 should be **DENIED**.

**DISCUSSION**

Pursuant to the plea agreement in this case the Defendant, Mark D. Emmons ("Emmons") agreed to forfeit the real property located at 34050 Lee Avenue, Leesburg, Florida ("Lee Avenue Real Property") and admitted that he used the Lee Avenue Real Property to facilitate the distribution of child pornography. Accordingly, on June 14, 2006, upon request by the United States, the Court entered its Preliminary Order of

[1] Specific written objections may be filed in accordance with 28 U.S.C. §636, and Rule 6.02, Local Rules, M.D. Fla., within ten (10) days after service of this report and recommendation. Failure to file timely objections shall bar the party from a *de novo* determination by a district judge and from attacking factual findings on appeal.

Forfeiture (Doc. 23) ordering that the right, title and interest of Emmons in the Lee Avenue Real Property (as well as other personal property) was forfeited to the United States and directing the United States to provide written notice pursuant to 18 U.S.C. § 2253(m) to all third parties known to have an interest in the subject property.

After the required written notice and notice by publication was provided by the United States to all known third parties who had an interest in the Lee Avenue Real Property, Annette R. Riley ("Riley"), the Defendant's ex-wife, filed a Petition asserting that she had an interest in the Lee Avenue Real Property. Although Ms. Riley did not allege any basis for her claim in the body of the petition - other than the assertion that she lived at the residence with her children and had no place to go - she did attach a copy of a warranty deed, dated January 22, 1996 purporting to convey fee simple title to the Lee Avenue Real Property to her and to her then husband, Mark D. Emmons.[2] Pursuant to 18 U.S.C. § 2253(m)(4) the Court set a hearing to determine the interest of Riley, if any, in the Lee Avenue Real Property.

The Court conducted an evidentiary hearing on September 12, 2006. Riley appeared at the hearing and represented herself *pro se.* Despite having been given an opportunity to do so, Riley did not present any evidence at the hearing in support of her petition. However, because the United States did not dispute the warranty deed evidencing that the Lee Avenue Real Property had been conveyed to Riley and the Defendant when they were married, the Court concluded that Riley had shown some *indicia* of an interest in the real property and directed the United States to proceed with

[2] Although the petition was not signed by Riley under penalty of perjury, as required by 18 U.S.C. § 2253(m)(3), at the hearing the Court permitted Riley to swear to the allegations in support of the Petition.

the presentation of evidence in support of its position that Riley does not have an interest in the real property. In this regard the United States called Riley to testify and introduced into evidence documentary evidence supporting its position. The documentary evidence and testimony submitted by the United States established the following facts based upon a preponderance of the evidence.

On April 11, 2001 the Circuit Court for the Fifth Judicial Circuit, in and for Lake County, Florida entered a Final Judgment for Dissolution of Marriage with Minor Child/Children (the "Final Judgment"),[3] dissolving the marriage of Ms. Riley and the Defendant. Attached to the Final Judgment, and incorporated into the judgment, was a marital settlement agreement, executed by Riley and the Defendant. The state court in the Final Judgment expressly adjudicated the interests of Riley and the Defendant in and to the Lee Avenue Real Property.

The Final Judgment provides in relevant part that the "[P]etitioner/Husband shall have exclusive use of the marital home located at 34050 Lee Avenue, Leesburg, Florida and be responsible for mortgage payments, taxes and insurance." Further, the state court in the Final Judgment ordered that the "[R]espondent/Wife shall execute a Quit Claim Deed to Petitioner/Husband for [the Lee Avenue Real Property]." This obligation was consistent with the terms of the Marital Settlement Agreement executed by Riley and the Defendant.[4]

---

[3] Government Ex. "1."

[4] *Id.*

Riley testified that she never executed the quit claim deed to the Defendant, although she admitted that she was obligated to do so. It was apparent from Riley's testimony that the only reason she did not execute the quit claim was due to oversight and that it was not because she believed she still had an interest in the Lee Avenue Real Property. This view is underscored by Riley's testimony concerning her lack of involvement in the Lee Avenue Real Property after the divorce from the Defendant in April 2001. After the divorce Riley admitted that the Defendant - and not Riley - lived at the Lee Avenue Real Property with their children and that the Defendant paid the mortgage and all of the taxes and insurance. Indeed, Riley did not move back into the Lee Avenue Real Property until April 2006 when the Defendant contacted her after the Defendant's arrest in this case, and requested that Riley move back into the residence to take care of the children. Riley has lived at the residence since that date and presently occupies the property through an occupancy agreement with the United States Marshal pending issuance of a final order of forfeiture.

Pursuant to 18 U.S.C. § 2253(m)(6) a third party, such as Riley, can establish her interest in forfeited property under two theories. First, Riley may prove by a preponderance of the evidence that she either held superior title at the time of the act giving rise to the forfeiture or, second, that she is a bona fide purchaser for value. Riley cannot establish either basis to support her claim to the Lee Avenue Real Property.

Admittedly, Riley is not a bona fide purchaser for value and thus the only arguable avenue available to her would be to establish that she held title superior to the Defendant at the time the criminal acts were committed. Riley cannot establish superior title for the following reason.

The criminal acts were committed by the Defendant in this case from as early as August 2004 up to at the latest April 2005. As such the criminal acts were all committed long after Riley's divorce from the Defendant was finalized in April 2001. Notably, when the state court entered its Final Judgment of Dissolution it determined that the Defendant - and not Riley - had exclusive property rights in the Lee Avenue Real Property. Under Florida law where a state court determines property rights in a final judgment of dissolution, the parties to the dissolution proceeding are barred from bringing any action thereafter to determine their rights in the property.[5] Accordingly, when the state court entered its final judgment Riley's interest in the Lee Avenue Real Property was terminated and Riley cannot now assert that she continues to have an interest in the subject property.

Lastly, although the United States is not required to accept substitute property, because there were discussions in this regard between Riley and the United States prior to the hearing, the United States presented evidence on the status of substitute property that Riley was offering. Possible substitute property included: (1) real property located at 10051 Shademoor Drive, Leesburg, Florida ("Shademoor"), (2) real property located at 2222 Hialeah Avenue, Leesburg, Florida ("Hialeah"), and (3) real property located at 32730 Blossom Lane, Leesburg, Florida. ("Blossom Lane".)

With regard to Shademoor, on July 7, 2006 the Defendant transferred the property to Riley through a quit claim deed. One month later, on August 8, 2006 - during the time period that Riley was negotiating with the United States to accept substitute

---

[5] *See,* Davis v. Dieujuste, 496 So. 2d 806, 809-10 (Fla. 1986).

property - Riley sold the property to Julie M. Browning, a business partner of Riley's fiancee, for $110,000.[6] As such, Riley cannot transfer this property to the United States.[7]

With regard to Hialeah, the documents submitted by the United States also evidence a highly questionable transaction. According to the records from the Lake County Property Appraiser,[8] on July 19, 2006 - again at a time when negotiations were ongoing with the United States to accept substitute property - the Defendant quit-claimed the property to James Milam, Jr., who Riley testified was also one of her ex-husbands, and currently a friend of the Defendant. The records disclose that the transfer was for nominal value. As such, this property could not have been used as substitute property.

Lastly, with regard to Blossom Lane, the records submitted by the United States[9] disclose that this property consists of a three bedroom, two bath house jointly titled in the name of Riley and the Defendant. Consequently, contrary to Riley's representations in her Petition, and contrary to her comments to the Court at the hearing, there actually

---

[6] Government Exhibit "2."

[7] In addition to the fact that the circumstances surrounding the transfer of this property, while Riley was negotiating with the United States, are highly suspect, the final judgment of dissolution provided that this property, as well as other rental properties, were supposed to remain in joint ownership between Riley and the Defendant to finance the college education for Riley and the Defendant's children. The transfer of this property to the business partner of Riley's fiancee forecloses this from occurring. Although this issue does not impact the Court's legal determination with regard to forfeiture of the Lee Avenue Real Property, it does speak volumes about Riley's motive to personally benefit herself, even if it is at the expense of the children.

[8] Government Ex. "3."

[9] Government Ex. "4."

is a home that Riley and her children can move to once the forfeiture on the Lee Avenue Real Property becomes final.

## RECOMMENDATION

In view of the foregoing, it is respectfully **RECOMMENDED** that the Court **DENY** the Petition To Keep Property At 34050 Lee Avenue Leesburg, Florida (Doc. 27), filed by Annette R. Riley, and pursuant to 18 U.S.C. § 2253(m)(7), the Court should enter a Final Order of Forfeiture awarding the United States clear title to the real property legally described as:

> Hilltop Sub No. 3 Lot 9, Blk 1 PB 14 Pg 4 as recorded in Official Records Book 1411, Page 1667 of the Public Records of Lake County, Florida and having a street address of 34050 Lee Avenue, Leesburg, Florida 34788.

and directing the United States Marshal Service to dispose of the property pursuant to law.

**IN CHAMBERS** at Ocala, Florida this 14th day of September, 2006.

GARY R. JONES
United States Magistrate Judge

Copies to:
Honorable Wm. Terrell Hodges
Senior United States District Judge

United States (Eckhart)
Counsel of Record
Defendant
Annette R. Riley